IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS

| | |
|---|---|
| MCCALL LAW FIRM, PLLC, on behalf of itself and all other entities and persons similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> CRYSTAL QUEEN, INC., d/b/a CRYSTAL TRAINING; RUDOLF GALAN; ADRIANA GALAN; and JOHN DOES 1-10, Intending to refer to those persons, corporations or other legal entities that acted as agents, consultants, independent contractors or representatives <br><br> Defendants. | CV-2015-18 <br><br> JURY DEMAND |

## AMENDED CLASS ACTION COMPLAINT

COMES Now McCall Law Firm, PLLC, on behalf of itself and all other persons or entities similarly situated, as Representative Plaintiff, and files this Class Action Complaint against the Defendants, Crystal Queen, Inc., d/b/a Crystal Training, Rudolf Galan, Adriana Galan, and John Does 1-10 and would respectfully show the following:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff McCall Law Firm, PLLC is an Arkansas PLLC whose business activity is the practice of law and is located at 1020 West Main St. Russellville, Arkansas 72801. Hereinafter, McCall Law Firm, PLLC will be referred to as "Representative Plaintiff."

2. Defendant Crystal Queen, Inc., d/b/a Crystal Training (hereinafter, "Crystal Training") is, upon information and belief, a Canadian corporate entity, having a registered corporate address of 166 Owl Drive, Ottawa, Ontario, Canada, K1V 9P6, an alternate address at 85033-1250 Main Street, Stittsville, Ontario, Canada, K2S1X6, and a mailing address of 2981 Ford Street, Ext., Unit #333, Ogdensburg, NY 13669. Upon information and belief, Crystal

1

Training employs approximately 10-20 individuals and has annual revenues of between $1 million and $5 million.[1]

3. Defendant Rudolf Galan is a resident of Ontario, Canada doing business under the name Crystal Training with a UPS Box located at The UPS Store, 2981 Ford St., #333, Ogdensburg, NY 13669. The UPS Box utilized by Crystal Training is registered to Rudolph Galan and Adriana Galan, who have an address of 11 Pine Bluff Trail, Stittsville, Ontario, K2S-1E1. Rudolf Galan is married to Adriana Galan.

4. Defendant Adriana Galan is a resident of Ontario, Canada doing business under the name Crystal Training with a UPS Box located at The UPS Store, 2981 Ford St., #333, Ogdensburg, NY 13669. The UPS Box utilized by Crystal Training is registered to Rudolph Galan and Adriana Galan, who have an address of 11 Pine Bluff Trail, Stittsville, Ontario, K2S-1E1. Rudolf Galan is married to Adriana Galan.

5. Defendants John Does 1-10 represent those persons, corporations, or other legal entities other than the specifically named defendants that acted as agents, consultants, independent contractors or representative of Crystal Training and/or who assisted Crystal Training in creating, publishing, broadcasting and faxing the document received on the fax machine by Representative Plaintiff whose identities at this time are unknown but will be substituted by amendment when ascertained.

6. The claims of the class of persons represented by the Representative Plaintiff arise pursuant to the provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter, "TCPA").

---

[1] See http://www.zoominfo.com/c/Crystal-Training/345951375

2

7.  This Court has jurisdiction over this action pursuant to Ark. Code Ann. §16-4-101 et seq. This Court has jurisdiction over the Defendants because at all relevant times, they conducted business in Arkansas.

8.  Venue is proper in this County pursuant to Ark. Code Ann. §16-55-213, et seq., in that the plaintiff is has its principal place of business in and does conduct business in this County.

## FACTUAL ALLEGATIONS

9.  The Telephone Consumer Protection Act of 1991, Pub. L. 102-243, § 3(a), added Section 227 to Title 47 of the United States Code. 47 U.S.C. § 227 was last amended in 1994. In pertinent part, 47 U.S.C. § 227(b) provides "It shall be unlawful for any person within the United States . . . to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine[.]"

10. In pertinent part, 47 C.F.R. § 64.1200(a), a regulation prescribed under 47 U.S.C. § 227(b) and effective as of December 20, 1992, provides that "No person may . . . [u]se a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine."

11. As used in both 47 U.S.C. § 227 and 47 C.F.R. 64.1200, "[t]he term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." (47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(5).)

12. Paragraph (3) of 47 U.S.C. § 227(b) provides:

(3) Private right of action

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State--

3

 (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

 (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

 (C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

13. Representative Plaintiff has, and at all relevant times had, telephone service at 479-967-3309 at its offices located at 1020 West Main St. Russellville, Arkansas 72801 in Pope County, Arkansas. Representative Plaintiff receives facsimile transmissions ("faxes") at that number, suing a telephone facsimile machine ("fax machine").

14. On or about January 15, 2015, Representative Plaintiff received on its fax machine a fax transmission advertising Crystal Training's "upcoming QuickBooks and Excel training classes" taking place in Little Rock, Arkansas between the dates of February 3rd and February 6th, listing registration costs for the training classes along with suggested methods of payment, and listing Crystal Training's mailing address at 2981 Ford Street, Ext., Unit #333, Ogdensburg, NY 13669, website at www.crystal-training.net, and email at info@crystal-training.net.

15. The fax received by Representative Plaintiff from Crystal Training on or about January 15, 2015 was wholly unsolicited. A true and correct copy of this fax advertisement is attached hereto as Exhibit A.

16. Exhibit A does not contain an Opt-Out Notice that complies with the requirements of 47 C.F.R. 64.1200(a)(4)(iii) and (iv).

4

17. Exhibit A does not contain an Opt-Out Notice stating that sender's failure to comply within 30 days to a request to stop sending such faxes is unlawful.

18. Although Exhibit A lists a mailing address at the bottom of the Fax, it is never identified as an option to be used by a recipient to send an opt-out request to the sender of the advertisement.

19. Exhibit A does not contain an area at the bottom of the Fax that gives the options required by law, that a recipient might use without cost to the recipient, to request that they be removed from the faxing list utilized by Crystal Training.

20. Defendants, and/or its employees and/or its agents, created Exhibit A and had the capability to control the contents thereof.

21. Defendants, and/or its employees and/or its agents, determined the fax telephone numbers to which Exhibit A was sent to the Representative Plaintiff and other recipients.

22. Upon information and belief, Defendants sent fax transmissions of Exhibit A to hundreds, if not thousands, of telephone facsimile machines located in Arkansas and other States offering their training classes.

23. Said transmissions of Exhibit A were made for the purpose of advertising the commercial availability of goods and services available from Defendants.

24. Representative Plaintiff further alleges that in each instance Defendants did so willfully or knowingly. Indeed, on October 1, 2014 the Federal Communication Commission filed a TCPA enforcement citation against Crystal Training and Rudolf Galan, thus putting them on notice of their violations regarding the use of facsimiles.[2]

---

[2] See http://docs.house.gov/meetings/IF/IF16/20150319/103182/HHRG-114-IF16-Wstate-WheelerT-20150319-SD003.pdf, pg. 6.

25. Plaintiff further alleges on information and belief that in each instance Defendants had actual notice of participation, or a high degree of involvement, in a plan to transmit unsolicited advertisements to telephone facsimile machines (by, for example, knowing the that the transmitted faxes were advertisements or participating in preparing their content, providing or obtaining the fax telephone number of Representative Plaintiff or other recipients, and knowing that Plaintiff or other recipients had not authorized the faxes' transmission by prior express invitation or permission).

26. Representative Plaintiff therefore alleges that defendants violated 47 U.S.C. § 227 and 47 C.F.R. § 64.1200.

## CLASS ACTION REGARDING SIMILARLY SITUATED PLAINTIFFS

27. Pursuant to Ark. R. Civ. P. 23, Representative Plaintiff brings this action on behalf of a Class of individuals defined as follows:

> All persons, natural or otherwise, in the United States and its territories who received one or more unsolicited facsimile transmissions from Defendants advertising goods and services for a commercial purpose with content substantially similar to that contained in Exhibit A during the period from January 1, 2011 through the present.

Excluded from the Class are: (1) Defendants and any entity in which Defendants have a controlling interest, and their legal representatives, officers, directors, assignees, and successors, and any co-conspirators; and (2) any judge or justice to whom this action is assigned, together with any relative of such judge or justice within the third degree of relationship, and the spouse of any such person.

28. Upon information and belief, Representative Plaintiff alleges that noncompliant facsimile advertisements sent on behalf of the Defendants to advertise their products and services have been transmitted to hundreds, if not thousands, of telephone facsimile machines in Arkansas and, presumably, other states through an intentional and persistent course of conduct.

There are approximately 9500 licensed attorneys in the State of Arkansas alone who may have been received this advertisement. Each such transmission constitutes a separate violation of the TCPA. Because the Class members are dispersed and are believed to number in the hundreds if not thousands, individual joinder is impractical in satisfaction of Fed. R. Civ. P. 23(a)(1). The disposition of the claims of the Class members in a single action will provide substantial benefits to all parties and to the Court.

29. Representative Plaintiff's claims are typical of the claims of the Class, as required by Fed. R. Civ. P. 23(a)(3), in that Representative Plaintiff received an unsolicited facsimile advertisement from Crystal Training advertising goods and services for a commercial purpose during the proposed Class Period.

30. The factual and legal bases of Crystal Training's misconduct are common to all members of the Class and represent a common cause of injury to Representative Plaintiff and the Class members.

31. Numerous questions of law and fact are common to the Class and predominate over questions affecting only individual Class members, as required by Fed. R. Civ. P. 23(a)(2) and 23(b)(3). Such common questions including, but are not limited to:

   i. Whether Crystal Training had a business practice of sending unsolicited facsimile advertisements for its commercial goods and services in violation of the TCPA;

   ii. Whether the unsolicited facsimile advertisements sent by Crystal Training contained an Opt-Out Notice that complies with the requirements of 47 C.F.R. 64.1200(a)(4)(iii) and (iv);

   iii. Whether Defendants harmed Representative Plaintiff and the Class;

   iv. Whether Representative Plaintiff and the Class are entitled to compensatory damages and, if so, in what amount;

   v. Whether Representative Plaintiff and the Class are entitled to additional statutory damages and, if so, in what amount; and

vi.  Whether Representative Plaintiff and the Class are entitled to equitable and/or injunctive relief.

11.  Representative Plaintiff's claims are typical of the claims of the Class because they arise from the same course of conduct by Defendants and the relief sought is common.

32.  The Class is ascertainable, as the Class is defined using objective criteria and Class Members who received unsolicited facsimile advertisements from Defendants are easily identifiable based on existing telephone records.

33.  Representative Plaintiff will fairly and adequately represent and protect the interests of the Class, as required by Fed. R. Civ. P. 23(a)(4). Moreover, Representative Plaintiff has retained counsel with substantial experience in the prosecution of nationwide class actions. Representative Plaintiff and his counsel are committed to the vigorous prosecution of this action on behalf of the Class and have the financial resources to do so. Neither Representative Plaintiff nor its counsel has any interests adverse to those of the Class.

## COUNT 1
### VIOLATIONS OF 47 USC §227 AND C.F.R. § 64.1200

34.  Representative Plaintiff realleges and incorporates Paragraphs 1 through 33 above as if fully set forth herein.

35.  The TCPA requires that all persons who send advertisements to fax machines must include an Opt-Out Notice fully compliant with FCC regulations enacted pursuant to the TCPA found at 47 C.F.R. 64.1200(a)(3)(iii) and (iv).

36.  As a result of the foregoing, any members of the proposed Class who received a facsimile from Defendants that did not include a fully compliant Opt-Out Notice are entitled to $500.00 in damages for each fax transmission in violation of the TCPA pursuant to 47 U.S.C.§227(b)(3)(B).


## COUNT 2
## TREBLE DAMAGES

37. Representative Plaintiff realleges and incorporates Paragraphs 1 through 36 above as if fully set forth herein.

38. Defendants' actions willfully or knowingly violated the Telephone Consumer Protection Act.

39. As a result of the foregoing, the Court may, in its discretion, increase the amount of the statutory damages up to an amount equal to $1,500.00 per TCPA violation pursuant to 47 U.S.C.§227(b)(3)(C).

40. The Court should use its discretion to increase the amount of statutory damages to an amount equal to $1,500.00 per TCPA violation due to the Defendants' willful or knowing conduct.

## COUNT 3
## DEFENDANT RUDOLPH GALAN IS INDIVIDUALLY LIABLE FOR DAMAGES UNDER A VEIL-PIERCING THEROY

41. Representative Plaintiff realleges and incorporates Paragraphs 1 through 40 above as if fully set forth herein.

42. Representative Plaintiff alleges that Rudolf Galan is personally liable under a veil-piercing theory because he has demonstrated an abuse of the corporate form to commit the violations and wrongs alleged in this complaint.

43. Mr. Galan, along with Ms. Galan, exercised complete domination of Crystal Training in respect to the alleged facts, and such domination was used to commit the violations against the Class, resulting in the injuries alleged in this complaint.

44. Crystal Training has an address that is associated with a mailbox in a UPS store. Mr. Rudolf Galan singed the terms and conditions of the Mailbox Service Agreement with UPS on March 8, 2013.

45. "Crystal Training" is listed as the name of the corporation on the Mailbox Service Agreement associated with the address of 11 Pine Bluff Trail, Stittsville, Ontario, K2S-1E1.

46. The insurance policy submitted with the Mailbox Service Agreement is associated with a property located at 11 Pine Bluff Trail, Stittsville, Ontario, K2S-1E1 and is in the name of Rudolf Galan. Thus, this address is believed to be Mr. Galan's and Ms. Galan's personal address, not the corporate address for Crystal Training.

47. Rudolf Galan is listed as a "Manager" at Crystal Consulting on his LinkedIn profile.[3] He is listed as a Manager at Crystal Training on his ZoomInfo profile.[4] Crystal Training has an address of 85033-1250 Main Street, Stittsville, Ontario, k2s 1x6, Canada on his personal ZoomInfo page and the ZoomInfo page for Crystal Training.[5] Thus, Crystal Training has multiple addresses listed on various documents, correspondence and webpages.

48. The registered address for Crystal Training of 166 Owl Drive, Ottawa, Ontario, Canada, K1V 9P6 is listed under Peter Galan according to the LocateFamily.com.[6] Peter Galan is believed to be a family member of Rudolf Galan. The address is listed under Peter Galan also at another website.[7] This website has a Google street view picture of the building, which appears to be an apartment complex.

---

[3] https://www.linkedin.com/pub/rudolf-galan/17/400/a32
[4] http://www.zoominfo.com/p/Rudolf-Galan/1752047586
[5] http://www.zoominfo.com/c/Crystal-Training/345951375
[6] http://www.locatefamily.com/Street-Lists/Canada/ON/K1V/K1V9P6/index.html
[7] https://ontario.411numbers.ca/directory/6137381680/ottawa-hull/peter-galan.html

10

49. Rudolf Galan is personally liable for violations and wrongs set forth in this Complaint because the alleged facts show Crystal Training is merely Rudolf and Adriana Galan's alter ego, the individual and the company being indistinguishable from another in management, business, operation, and ownership.

50. For these reasons, Rudolf Galan, as an individual, should be added as a Defendant in this action and held jointly and severally liable with Crystal Training for the misconduct alleged in this Complaint.

### COUNT 4
### DEFENDANT ADRIANA GALAN IS INDIVIDUALLY LIABLE FOR DAMAGES UNDER A VEIL-PIERCING THEROY

51. Representative Plaintiff realleges and incorporates Paragraphs 1 through 50 above as if fully set forth herein.

52. Representative Plaintiff alleges that Adriana Galan is personally liable under a veil-piercing theory because he has demonstrated an abuse of the corporate form to commit the violations and wrongs alleged in this complaint.

53. Ms. Galan, along with Mr. Galan, exercised complete domination of Crystal Training in respect to the alleged facts, and such domination was used to commit the violations against the Class, resulting in the injuries alleged in this complaint.

54. Crystal Training has an address that is associated with a mailbox in a UPS store. Mr. Rudolf Galan singed the terms and conditions of the Mailbox Service Agreement with UPS on March 8, 2013.

55. "Crystal Training" is listed as the name of the corporation on the Mailbox Service Agreement associated with the address of 11 Pine Bluff Trail, Stittsville, Ontario, K2S-1E1.

56. The insurance policy submitted with the Mailbox Service Agreement is associated with a property located at 11 Pine Bluff Trail, Stittsville, Ontario, K2S-1E1 and is in the name of Rudolf Galan, her husband. Thus, this address is believed to be Ms. Galan's personal address, not the corporate address for Crystal Training.

57. Adriana Galan is personally liable for violations and wrongs set forth in this Complaint because Crystal Training is merely Adriana and Rudolf Galan's alter ego, the individuals and the company being indistinguishable from another in management, business, operation, and ownership.

58. For these reasons, Adriana Galan, as an individual, should be added as a Defendant in this action and held jointly and severally liable with Crystal Training for the misconduct alleged in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Representative Plaintiff respectfully prays for the following relief:

a. That the court enter an Order certifying the claims of the Representative Plaintiff and all other persons similarly situated as class action claims set forth regarding Counts 1 and 2 as provided by Ark. R. Civ. P. 23;

b. Pursuant to Count 1, that the Court enter judgment in favor of Representative Plaintiff and the proposed Class against Defendants, in an amount of $500.00 for each fax transmission in violation of the Telephone Consumer Protection Act;

c. Pursuant to Count 2, that the Court find that Defendants willfully or knowingly violated the Telephone Consumer Protection Act and increase the statutory damages against the Defendants to a total of $1,500.00 for each and every fax transmission in violation of the Telephone Consumer Protection Act;

d. Trial by jury as to all issues so triable; and

e. That the Representative Plaintiff and the members of the proposed Class be granted such other and further relief as is just and equitable under the circumstances.

Respectfully submitted,

Alex G. Streett (65038)
James A. Streett (2007092)
STREETT LAW FIRM, P.A.
107 West Main
Russellville, AR 72801
(479) 968-2030
Alex@StreettLaw.com
James@StreettLaw.com

Joe P. Leniski, Jr. (TN Bar No. 22891)(PHV)
BRANSTETTER, STRANCH &
JENNINGS, PLLC
227 2nd Avenue North, 4th Floor
Nashville, TN 37201
(615) 254-8801
jleniski@branstetterlaw.com

Attorneys for Plaintiff

13

15-Jan-2015 17:36 <> p.1



Crystal Training
2981 Ford St. Ext., Unit #333, Ogdensburg, NY 13669
Phone: 1-800-535-8176  Fax: 1-800-455-7012

| To: | Business Owner/Manager |
| --- | --- |
| From: | Crystal Training |
| Phone: | 1-800-535-8176 |
| Fax: | 1-800-455-7012 |
| Web: | www.crystal-training.net |
| Email: | info@crystal-training.net |
| Pages (with cover): | 2 |
| Subject: | Classroom Training in Little Rock |

Please see the attached letter.

Thanks.

To be removed, please submit your fax number at http://remove.crystal-training.net
Crystal Training, 2981 Ford St. Ext., Unit #333, Ogdensburg, NY 13669, P: 800-535-8176, F: 800-455-7012



15-Jan-2015 17:37    &lt;&gt;                                                   ''                 p.2

Dear Owner/Manager,

We would like to take a moment of your valuable time to tell you about our upcoming QuickBooks and Excel training classes in your area. Our company provides training classes in many cities coast-to-coast.

The classes run from 9:00 am to 4:30 pm, with 30 minute lunch break. Every student is provided with a notebook computer for use during the class. Registration cost for any single class is $259 or save 10% with any two or more classes at $229 each. We accept all major credit cards and PayPal.

**Little Rock:** Doubletree, 424 W Markham St, Little Rock, AR

|  | **Level 1** | **Level 2** |
|---|---|---|
| QuickBooks | Tue, Feb 3, 2015 | Wed, Feb 4, 2015 |
| Excel | Thu, Feb 5, 2015 | Fri, Feb 6, 2015 |

For full details, including course topic outlines, please visit our website, at www.crystal-training.net or call us at 1-800-535-8176.

Best regards,

Crystal Training
Phone: 1-800-535-8176    Fax: 1-800-455-7012
Live operators: Monday - Friday from 8AM EST to 6PM EST/5AM PST to 3PM PST
Web: www.crystal-training.net    Email: info@crystal-training.net