# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

| | |
|---|---|
| **MCCALL LAW FIRM, PLLC, on** ) <br> **behalf of itself and all other entities** ) <br> **and persons similarly situated,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **vs.** ) <br> ) <br> **CRYSTAL QUEEN, INC., d/b/a** ) <br> **CRYSTAL TRAINING; and** ) <br> **RUDOLF GALAN; and** ) <br> **ADRIANA GALAN; and** ) <br> **JOHN DOES 1-10, intending to refer to** ) <br> **those persons, corporations, or other legal** ) <br> **entities that acted as agents, consultants,** ) <br> **independent contractors or representatives,** ) <br> ) <br> **Defendants.** ) | **Case No.: 4:15-CV-737 KGB** <br> **JURY DEMANDED** <br> **Judge Baker** |

## MOTION TO COMPEL AGAINST DEFENDANTS CRYSTAL QUEEN, INC., D/B/A CRYSTAL TRAINING AND RUDOLF GALAN AND POINTS OF AUTHORITY IN SUPPORT

Comes now the Plaintiff, who moves under Federal Rule of Civil Procedure 37 for an order compelling discovery from Defendants in the above-styled matter, and states as follows:

1.    Plaintiff served discovery requests on Defendant Crystal Queen, Inc., d/b/a Crystal Training ("Crystal Queen") on March 30, 2017 (Requests for Production) and on May 31, 2017 (Requests for Interrogatories and Requests for Admissions).  Plaintiff served discovery requests on Defendants Rudolf and Adriana Galan ("Galans") on June 20, 2017.  A true and correct copy of all of the discovery requests and corresponding objections are attached hereto as Exhibit A-D.  Following a number of extensions afforded to the Defendants, the parties agreed that Crystal Queen's Responses would be produced on or before July 7, 2017, and Defendant Galans' Responses would be produced on or before July 25, 2017.

2.     However, in lieu of any Responses, on July 7, 2017 Defendant Crystal Queen instead provided Plaintiffs with a blanket objection to responding to <u>any</u> of the interrogatories or requests for production under the purported authority of the Ontario Business Records Protection Act ("O.B.R.P.A.") and the Canadian Personal Information Protection and Electronic Documents Act ("P.I.P.E.D.A.").  Substantially-similar responses were received from the Galans on July 25, 2017, with the exception that Defendant Adriana Galan asserted that notwithstanding her blanket objections, she has no responsive documents.

3.     On July 24, 2017, Plaintiff wrote Defendants a good faith demand noting that, even assuming the purported applicability of these two foreign statutes with regard to the requested information and documentation, the undisputed facts of this case clearly show that an overwhelming number of responsive facts and documents objectively do not fall within the confines of either of the foregoing statues.  Accordingly, in a good faith attempt to avoid Court intervention, the Plaintiffs made demand for production of all documents and information not covered by O.B.R.P.A. or P.I.P.E.D.A., particularly those concerning information and documents transmitted into and/or maintained in the United States.   Counsel for the parties subsequently conducted a telephonic meet-and-confer conference on August 2, 2017 in a good-faith attempt to resolve this discovery dispute, after which Plaintiff gave Defendants a deadline to supplement their discovery responses of August 7, 2017.   Counsel for the parties conducted a second telephonic meet-and-confer conference on August 9, 2017, during which it was made clear that the parties were at impasse on this issue.

4.     In response to the above good faith demand and despite numerous conferences attempting to resolve the dispute, no responsive information and documents whatsoever were produced to any of Plaintiffs' discovery by Defendants Crystal Queen or Rudolf Galan.

5.      For the reasons set forth below, Plaintiffs respectfully request an Order compelling Defendants Crystal Queen and Rudolf Galan to produce all responsive information and documents not covered by O.B.R.P.A. or P.I.P.E.D.A.   Plaintiffs respectfully submit that the undisputed facts of this case document that a wealth of responsive information and documents objectively do not fall within the scope of either the foregoing as they concern testimony from these Defendants which need not be derived from any covered document, and documents which have been transmitted and/or are maintained in the United States.

6.      Additionally, based upon these Defendants' refusal to respond to even a single discovery request, even those which request responsive information and documents objectively outside the purported confines of O.B.R.P.A. or P.I.P.E.D.A., Plaintiffs request an award of their attorney's fees and costs for the prosecution of this Motion to Compel.

7.      Finally, Plaintiffs would note that concurrent with the instant Motion to Compel, they are requesting Letters Rogatory from this Court so that any remaining documents which are legitimately covered by O.B.R.P.A. or P.I.P.E.D.A. may be procured through an appropriate Canadian Court Order.

## ARGUMENT

8.      An apt summary of the relevant geographic and exclusivity of requirements of O.B.R.P.A. can be found in *Affordable Healthcare, LLC vs. Protus I.P. Solutions, Inc. 2009 U.S. Dist. LEXIS 30461.*   Notably, the defendants in *Affordable Healthcare* were represented by the same counsel of Record as the case at bar.

9.      As noted by the Court in *Affordable Healthcare* O.B.R.P.A., "prohibits the removal of any business record, statement, report or material in any way related to any business carried on in Ontario from the province of Ontario if the documents in question are maintained

solely in Ontario." The Court went on to note that based on the foregoing, "this prohibition may also bar a business from providing a list of the protected documents or divulging information that is derived exclusively from those documents."

10.     In the case at bar, it cannot seriously be disputed that an overwhelming majority of the responsive information and documents sought by the Plaintiff do not fall within the geographic or exclusivity of requirements of O.B.R.P.A.   As this Court has already adjudicated, Defendants carried out their domestic document transactions in the United States (1) through a UPS Store located in Ogdensburg, NY, (2) various hotels, convention centers, and payment processing vendors throughout the United States where they distributed their alleged training materials and/or paid their contractors, and (3) through the allegedly illegal faxes at issue in this case which were transmitted to thousands of United States residents.  The foregoing constitutes the heart of both the Class discovery and substantive discovery sought by Plaintiffs' interrogatories and requests for production.  This information and the documents from which they were derived, were transmitted in every instance into the United States to both the members of the Plaintiffs' Class and hundreds of contractors, hotels, payment processing companies and other venues throughout the U.S.A. who, upon information and belief, Defendants have control with regards to acquisition, reproduction, and/or production the responsive information and documents..  As such, Defendants cannot plausibly claim that the foregoing information and documents have been "maintained solely in Ontario" or that the information requested can only be derived "exclusively" from documents "maintained solely in Ontario."

11.     A similar analysis applies with regard to P.I.P.E.D.A.   P.I.P.E.D.A contains numerous exceptions which encompass responsive information and documents sought in this case, most notably, as described above, information and documents transmitted into and/or

maintained in the U.S.A. over which Defendants maintain the ability of possession, reproduction, or control.  The same holds true with regard to responsive testimony from Defendants that exists independent of allegedly protected documents.  In addition, P.I.P.E.D.A specifies exceptions for certain "business contact information" which P.I.P.E.D.A defines as  "any information that is used for the purpose of communicating or facilitating communication with an individual in relation to their employment, business or profession such as the individual's name, position, name of title, work address, work telephone number, ***work fax number***, or work electronic address." Ch.5,S.2 and S.4.01 (emphasis added).

12.     In sum, both foreign statutes cited by the Defendants as a purported blanket objection to responding to any discovery whatsoever in this case cannot possibly be legitimate given Defendants' admitted conduct of transmitting information and documents throughout the United States to and through domestic individuals and entities who, upon information and belief, Defendants have the ability to exert control with regard to the production of such information and documents. (e.g. copies of faxes transmitted in the United States, copies of executed contracts with United States entities such as individual contractors, hotels, credit card, or payment processing companies - all of whom have corresponding copies of the forgoing in the United States and/or many of whom, upon information and belief, are subject to Defendants control with regard to a directive to produce such information and documents).  Unfortunately, Plaintiffs are unable to request with specificity the aforementioned information and documents which fall outside the geographical, exclusivity, or other exceptions or O.B.R.P.A. or P.I.P.E.D.A, or to subpoena these domestic individuals and entities directly, as Defendants Crystal Queen and Rudolf Galan have refused to provide any information or documents in this case despite the objective inapplicability of O.B.R.P.A or P.I.P.E.D.A to domestic information

and documents in the United States over which Defendants maintain rights of possession, reproduction, or control.

13.     Accordingly, Plaintiffs respectfully request an Order of the Court that simply orders Defendants Crystal Queen and Rudolf Galan to produce all information and documents responsive to Plaintiffs' interrogatories and requests for production that (1) were transmitted into the United States of America, (2) are maintained, either in their original or reproduced form, in the United States of America, and over which Defendants Crystal Queen and Rudolf Galan have a right of reproduction, control, or production, or (3) reflect personal knowledge of the Defendants which need not be derived solely from documents governed by O.B.R.P.A. or P.I.P.E.D.A.   Again, Plaintiff's are contemporaneously requesting Letters Rogatory from this Court so that a Canadian Court order can be issued with regard to any responsive documents legitimately protected by  O.B.R.P.A. or P.I.P.E.D.A in this case, if any.   However, in the interim, and given the objective existence of a host of responsive information and documents not covered by O.B.R.P.A. or P.I.P.E.D.A., Defendants Crystal Queen and Rudolf Galan are not entitled to simply refuse to participate in the discovery process under the Federal Rules of Civil Procedure.

**WHEREFORE,** Plaintiffs respectfully request an Order of the Court requiring Defendants to produce, in verified form, all information and documents responsive to Plaintiffs' interrogatories and requests for production that (1) were transmitted into the United States of America, (2) are maintained, either in their original or reproduced form, in the United States of America, and over which Defendants Crystal Queen and Rudolf Galan have a right of reproduction, control, or production, or (3) reflect personal knowledge of the Defendants which

need not be derived solely from documents governed by O.B.R.P.A. or P.I.P.E.D.A.  Plaintiffs also request an award of their attorneys' fees and cost for the prosecution of the instant Motion.

**CERTIFICATION OF GOOD-FAITH EFFORT TO RESOLVE DISPUTE**

In filing this motion, the moving party certified under L.R. 7.2(g) that the parties have conferred in good faith on the specific issue or issues in dispute and that they are not able to resolve their disagreements without the intervention of the Court.

DATED: September 7, 2017          Respectfully Submitted,

_/s/ Joe P. Leniski, Jr._
Joe P. Leniski, Jr. (TN Bar No. 22891)(PHV)
BRANSTETTER, STRANCH &
JENNINGS, PLLC
223 Rosa L. Parks Ave., Suite 200
Nashville, Tennessee 37203
(615) 254-8801
jleniski@branstetterlaw.com

Alex G. Streett (65038)
James A. Streett (2007092)
STREETT LAW FIRM, P.A.
107 West Main
Russellville, AR 72801
(479) 968-2030
Alex@StreettLaw.com
James@StreettLaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 7, 2017 a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties of record.

*/S/Joe P. Leniski, Jr.*

Joe P. Leniski, Jr.