## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

| | | |
|---|---|---|
| **MCCALL LAW FIRM, PLLC, on behalf of itself and all other entities and persons similarly situated,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **vs.** | ) ) | **Case No.: 4:15-CV-737 KGB** |
| **CRYSTAL QUEEN, INC., _et al._,** | ) ) | |
| **Defendant.** | ) ) | |

## DEFENDANT CRYSTAL QUEEN INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR ADMISSION

Defendant Crystal Queen, Inc. ("Crystal Queen"), for itself and itself alone, pursuant to Federal Rules of Civil Procedure 26, 33 and 36, hereby makes the following objections and responses to Plaintiff's First Interrogatories and Requests for Admissions.

## GENERAL OBJECTIONS

Crystal Queen makes the following general objections with respect to each of the specific Interrogatories and Requests for Admissions below:

1.  Crystal Queen objects to Plaintiffs' definitions and instructions to the extent they purport to impose discovery obligations broader than those imposed by the Federal Rules of Civil Procedure, the Court's Orders, and and/or the rules and requirements of the nation of Canada and the province of Ontario, and to the extent they call upon Crystal Queen to violate Canadian or Ontario provincial laws, or to disclose information or documents protected by the attorney-client privilege, the joint defense privilege, and/or the work product doctrine.

1670406

2.     These responses are made solely for purposes of this civil action.  Each response is subject to any and all objections as to competency, relevancy, materiality, propriety and admissibility, and to any and all other objections and grounds that would require the exclusion of any statement made herein if any such statement were made by, or if any questions were asked of, a witness present and testifying in court, all of which objections and grounds are hereby expressly reserved and may be interposed later at or before the time of trial.

3.     Crystal Queen has not completed its investigation of this action, has not completed discovery, and has not completed trial preparation.  The responses hereinafter are based on Crystal Queen's knowledge, information and belief at this time, and are made without prejudice to the foregoing and following objections.  Subject to Rule 26(e), Crystal Queen specifically reserves the right to amend and/or supplement its responses herein at any time or to introduce facts not contained herein if it should appear at any time that omissions or errors have been made or if it obtains additional or more accurate information.  Crystal Queen further reserves the right to rely upon such facts, and persons having knowledge of such facts, as may be derived through future discovery or through its continuing investigation in this matter or as may be adduced at trial.

4.     The following responses are based upon information and writings presently available to and located by Crystal Queen and its attorneys and, except for explicit facts expressly set forth herein, no incidental or implied admissions are intended hereby.  The fact that Crystal Queen has responded or objected to any interrogatory or request for admission or part thereof is not intended to be and should not be construed to be an admission that Crystal Queen accepts or admits the existence of any "facts" set forth or assumed by such interrogatory or request for admission, or that such response or objection constitutes admissible evidence.  The

1670406

fact that Crystal Queen has responded to part or all of any interrogatory or request for admission is not intended to be and shall not be construed to be a waiver of all or any part of any objection to any interrogatory or request for admission made herein.

5.      To the extent any or all of the interrogatories or requests for admission seek information prepared in anticipation or defense of litigation or for trial, or for information protected from disclosure by the attorney work product doctrine, the attorney-client privilege, common-interest or joint prosecution/defense privilege, or any other rule of privilege or confidentiality provided by law, Crystal Queen objects to each and every such interrogatory and request for admission, and thus will not produce such information. This objection extends to and includes interrogatories and requests for admissions requesting the identities of individuals with knowledge of matters, where such persons are counsel for Crystal Queen or obtained such knowledge solely through communications with counsel for Crystal Queen. Any inadvertent disclosure of such information, or documents underlying such information, shall not be deemed a waiver of any privilege or immunity.

6.      Crystal Queen has made reasonable efforts to respond to the interrogatories and requests for admissions as it understands and reasonably interprets them. If Crystal Queen subsequently asserts an interpretation that differs from that which Crystal Queen made in responding herein, Crystal Queen reserves its right to supplement or amend the responses and objections accordingly, in the event it is required to do so under Rule 26(e).

These General Objections are incorporated into each specific response below.

3

1670406

## RESPONSES TO INTERROGATORIES

**REQUEST NO. 1**:

Identify any contractor, agent, or any third-party vendor which provided you the service of creating, and/or transmitting faxes, by or on behalf of Crystal, for the purpose of marketing Crystal's goods, products, and or services.

**RESPONSE**:

Crystal Queen objects to this interrogatory because it calls for disclosure of information ascertained from documents and/or information protected from disclosure by privacy, confidentiality, and other laws of Canada and/or the Province of Ontario, including but not limited to the Canadian Personal Information Protection and Electronic Documents Act ("PIPEDA") and/or the Ontario Business Records Protection Act ("OBRPA"), and Plaintiff has yet to obtain an appropriate order from the Ontario Superior Court of Justice or other proper Canadian authority authorizing production of such documents or information contained in such documents.  Crystal Queen further objects to this interrogatory on the ground that it is overly broad to the extent it seeks information beyond what is pertinent to the faxes at issue.

**REQUEST NO. 2**:

Identify all monetary compensation paid by you to any contractor, agent, or any third party vendor for the creation or transmission of faxes by or on behalf of Crystal.

**RESPONSE**:

Crystal Queen objects to this interrogatory on the ground that it is not pertinent to any issue in this lawsuit and additionally is overly broad both in time and because it seeks information beyond what is pertinent to the faxes at issue.  Crystal Queen further objects to this interrogatory because it calls for disclosure of information ascertained from documents and/or information protected from disclosure by privacy, confidentiality, and other laws of Canada

4

and/or the Province of Ontario, including but not limited to PIPEDA and/or OBRPA, and Plaintiff has yet to obtain an appropriate order from the Ontario Superior Court of Justice or other proper Canadian authority authorizing production of such documents or information contained in such documents.

**REQUEST NO. 3**:

Identify all communications between Crystal and any contractor, agent, or third party vendor explaining how faxes will be generated or to whom or which businesses they will be sent.

**RESPONSE**:

Crystal Queen objects to this interrogatory on the ground that it is overly broad both in time and because it seeks information beyond what is pertinent to the faxes at issue. Crystal Queen further objects to this interrogatory because it calls for disclosure of information ascertained from documents and/or information protected from disclosure by privacy, confidentiality, and other laws of Canada and/or the Province of Ontario, including but not limited to PIPEDA and/or OBRPA, and Plaintiff has yet to obtain an appropriate order from the Ontario Superior Court of Justice or other proper Canadian authority authorizing production of such documents or information contained in such documents.

**REQUEST NO. 4**:

Identify all communications between Crystal and any contractor, agent, or third party vendor explaining how customer lists will be generated and/or which customers will be targeted.

**RESPONSE**:

Crystal Queen objects to this interrogatory on the ground that it is overly broad both in time and because it seeks information beyond what is pertinent to the faxes at issue. Crystal Queen further objects to this interrogatory because it calls for disclosure of information

5

ascertained from documents and/or information protected from disclosure by privacy, confidentiality, and other laws of Canada and/or the Province of Ontario, including but not limited to PIPEDA and/or OBRPA, and Plaintiff has yet to obtain an appropriate order from the Ontario Superior Court of Justice or other proper Canadian authority authorizing production of such documents or information contained in such documents.

**REQUEST NO. 5:**

Identify all communications between Crystal and any contractor, agent, or third party vendor related to what content will be placed on faxes, including but not limited to, marketing, address, website, phone number, and opt-out information.

**RESPONSE:**

Crystal Queen objects to this interrogatory on the ground that it is overly broad both in time and because it seeks information beyond what is pertinent to the faxes at issue. Crystal Queen further objects to this interrogatory because it calls for disclosure of information ascertained from documents and/or information protected from disclosure by privacy, confidentiality, and other laws of Canada and/or the Province of Ontario, including but not limited to PIPEDA and/or OBRPA, and Plaintiff has yet to obtain an appropriate order from the Ontario Superior Court of Justice or other proper Canadian authority authorizing production of such documents or information contained in such documents.

**REQUEST NO. 6:**

Identify all individuals who decided what content will be placed on faxes, including but not limited to, marketing, address, website, phone number, opt-out information, and/or any information related to the actual individuals or entities who provide the goods or services described in the fax.

1670406

**RESPONSE:**

Crystal Queen objects to this interrogatory on the ground that it is overly broad both in time and because it seeks information beyond what is pertinent to the faxes at issue. Crystal Queen further objects to this interrogatory because it calls for disclosure of information ascertained from documents and/or information protected from disclosure by privacy, confidentiality, and other laws of Canada and/or the Province of Ontario, including but not limited to PIPEDA and/or OBRPA, and Plaintiff has yet to obtain an appropriate order from the Ontario Superior Court of Justice or other proper Canadian authority authorizing production of such documents or information contained in such documents.

**REQUEST NO. 7:**

Identify all individuals or entities to whom Crystal sent faxes marketing goods, products, or services.

**RESPONSE:**

Crystal Queen objects to this interrogatory on the ground that it is overly broad both in time and because it seeks information beyond what is pertinent to the faxes at issue. Crystal Queen further objects to this interrogatory because it calls for disclosure of information ascertained from documents and/or information protected from disclosure by privacy, confidentiality, and other laws of Canada and/or the Province of Ontario, including but not limited to PIPEDA and/or OBRPA, and Plaintiff has yet to obtain an appropriate order from the Ontario Superior Court of Justice or other proper Canadian authority authorizing production of such documents or information contained in such documents. Crystal Queen further objects to this interrogatory on the grounds that it is premature and seeks information as to a class that has been neither identified nor certified.

1670406

**REQUEST NO. 8:**

Identify any alleged consent provided from any individual or entity to receive faxes regarding Crystal's goods, products, and or services.

**RESPONSE:**

Crystal Queen objects to this interrogatory on the ground that it is overly broad both in time and because it seeks information beyond what is pertinent to the faxes at issue. Crystal Queen further objects to this interrogatory because it calls for disclosure of information ascertained from documents and/or information protected from disclosure by privacy, confidentiality, and other laws of Canada and/or the Province of Ontario, including but not limited to PIPEDA and/or OBRPA, and Plaintiff has yet to obtain an appropriate order from the Ontario Superior Court of Justice or other proper Canadian authority authorizing production of such documents or information contained in such documents. Crystal Queen further objects to this interrogatory as premature to the extent it seeks information regarding putative class members before a class has been identified or certified.

**REQUEST NO. 9:**

Identify any alleged established relationship with any individual or entity for the purpose of transmitting faxes to market Crystal's goods, products, and or services.

**RESPONSE:**

Crystal Queen objects to this interrogatory on the ground that it is overly broad both in time and because it seeks information beyond what is pertinent to the faxes at issue. Crystal Queen further objects to this interrogatory because it calls for disclosure of information ascertained from documents and/or information protected from disclosure by privacy, confidentiality, and other laws of Canada and/or the Province of Ontario, including but not

1670406

limited to PIPEDA and/or OBRPA, and Plaintiff has yet to obtain an appropriate order from the Ontario Superior Court of Justice or other proper Canadian authority authorizing production of such documents or information contained in such documents.  Crystal Queen further objects to this interrogatory because it is vague and ambiguous as to the meaning of the term "relationship" as used in this interrogatory.

**REQUEST NO. 10:**

Identify:

a) All incoming calls to offer response numbers or numbers to add/remove name from any database, list, or other means of storing customer fax numbers.

b) All incoming calls or other communications requesting to opt-out from receiving any faxes from Crystal.

**RESPONSE:**

Crystal Queen objects to this interrogatory on the ground that it is overly broad both in time and because it seeks information beyond what is pertinent to the faxes at issue.  Crystal Queen further objects to this interrogatory because it calls for disclosure of information ascertained from documents and/or information protected from disclosure by privacy, confidentiality, and other laws of Canada and/or the Province of Ontario, including but not limited to PIPEDA and/or OBRPA, and Plaintiff has yet to obtain an appropriate order from the Ontario Superior Court of Justice or other proper Canadian authority authorizing production of such documents or information contained in such documents.  Crystal Queen further objects to this interrogatory as premature to the extent it seeks information regarding putative class members before a class has been identified or certified.

1670406

**REQUEST NO. 11:**

Identify the source for any list of individuals and entities to whom fax transmissions marketing Crystal's goods, products, and or services were sent.

**RESPONSE:**

Crystal Queen objects to this interrogatory on the ground that it is overly broad both in time and because it seeks information beyond what is pertinent to the faxes at issue. Crystal Queen further objects to this interrogatory because it calls for disclosure of information ascertained from documents and/or information protected from disclosure by privacy, confidentiality, and other laws of Canada and/or the Province of Ontario, including but not limited to PIPEDA and/or OBRPA, and Plaintiff has yet to obtain an appropriate order from the Ontario Superior Court of Justice or other proper Canadian authority authorizing production of such documents or information contained in such documents. Crystal Queen further objects to this interrogatory as premature to the extent it seeks information regarding putative class members before a class has been identified or certified.

**REQUEST NO. 12:**

Identify all individuals or entities with an ownership stake in Crystal, including each stakeholder's percentage interest.

**RESPONSE:**

Crystal Queen objects to this interrogatory on the ground that it seeks confidential information of Crystal Queen and third parties that is not pertinent to any issue in this lawsuit. Crystal Queen further objects to this interrogatory because it calls for disclosure of information ascertained from documents and/or information protected from disclosure by privacy, confidentiality, and other laws of Canada and/or the Province of Ontario, including but not

1670406

limited to PIPEDA and/or OBRPA, and Plaintiff has yet to obtain an appropriate order from the Ontario Superior Court of Justice or other proper Canadian authority authorizing production of such documents or information contained in such documents.

**REQUEST NO. 13:**

Identify Crystal's accountant(s) responsible for preparing its tax return and/or annual or quarterly financial statements.

**RESPONSE:**

Crystal Queen objects to this interrogatory on the ground that it is not pertinent to any issue in this lawsuit.  Crystal Queen further objects to this interrogatory because it calls for disclosure of information ascertained from documents and/or information protected from disclosure by privacy, confidentiality, and other laws of Canada and/or the Province of Ontario, including but not limited to PIPEDA and/or OBRPA, and Plaintiff has yet to obtain an appropriate order from the Ontario Superior Court of Justice or other proper Canadian authority authorizing production of such documents or information contained in such documents.

**REQUEST NO. 14:**

Identify all monetary amounts received by Rudolf and Adriana Galan as a result of their employment and/or stakeholder interest in Crystal.

**RESPONSE:**

Crystal Queen objects to this interrogatory on the ground that it is not pertinent to any issue in this lawsuit and is overly broad in time and scope.  Crystal Queen further objects to this interrogatory because it calls for disclosure of information ascertained from documents and/or information protected from disclosure by privacy, confidentiality, and other laws of Canada and/or the Province of Ontario, including but not limited to OBRPA, and Plaintiff has yet to

1670406

obtain an appropriate order from the Ontario Superior Court of Justice or other proper Canadian authority authorizing production of such documents or information contained in such documents. Crystal Queen further objects to this interrogatory because it seeks confidential financial information regarding individuals.

**REQUEST NO. 15:**

Identify all employees engaged in the creating, and/or transmitting faxes, by or on behalf of Crystal, for the purpose of marketing Crystal's goods, products, and or services, and list their positions and responsibilities.

**RESPONSE:**

Crystal Queen objects to this interrogatory on the ground that it is overly broad both in time and because it seeks information beyond what is pertinent to the faxes at issue. Crystal Queen further objects to this interrogatory because it calls for disclosure of information ascertained from documents and/or information protected from disclosure by privacy, confidentiality, and other laws of Canada and/or the Province of Ontario, including but not limited to OBRPA, and Plaintiff has yet to obtain an appropriate order from the Ontario Superior Court of Justice or other proper Canadian authority authorizing production of such documents or information contained in such documents.

**REQUEST NO. 16:**

Identify any insurance policies covering Crystal and/or its officers and directors, including specifically any Director's and Officer's Insurance.

**RESPONSE:**

Crystal Queen objects to this interrogatory because it is overly broad in time and scope. Crystal Queen further objects to this interrogatory to the extent it calls for disclosure of

1670406

information ascertained from documents and/or information protected from disclosure by privacy, confidentiality, and other laws of Canada and/or the Province of Ontario, including but not limited to PIPEDA and/or OBRPA, and Plaintiff has yet to obtain an appropriate order from the Ontario Superior Court of Justice or other proper Canadian authority authorizing production of such documents or information contained in such documents.

**REQUEST NO. 17:**

Identify all communications from Crystal regarding the subject matter of this litigation.

**RESPONSE:**

Crystal Queen objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other applicable privilege.  Crystal Queen further objects to this interrogatory to the extent it calls for disclosure of information ascertained from documents and/or information protected from disclosure by privacy, confidentiality, and other laws of Canada and/or the Province of Ontario, including but not limited to PIPEDA and/or OBRPA, and Plaintiff has yet to obtain an appropriate order from the Ontario Superior Court of Justice or other proper Canadian authority authorizing production of such documents or information contained in such documents.

**REQUEST NO. 18:**

Identify all communications from Crystal regarding the marketing of its goods, products, or services through the use of facsimiles.

**RESPONSE:**

Crystal Queen objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, the spousal privilege, and/or any other applicable privilege.  Crystal Queen further objects to this interrogatory on the

ground that it is overly broad both in time and because it seeks information not pertinent to the faxes at issue. Crystal Queen further objects to this interrogatory because it calls for disclosure of information ascertained from documents and/or information protected from disclosure by privacy, confidentiality, and other laws of Canada and/or the Province of Ontario, including but not limited to PIPEDA and/or OBRPA, and Plaintiff has yet to obtain an appropriate order from the Ontario Superior Court of Justice or other proper Canadian authority authorizing production of such documents or information contained in such documents. Crystal Queen further objects to this interrogatory as premature to the extent it seeks information regarding putative class members before a class has been identified or certified.

**REQUEST NO. 19:**

Identify all communications from Crystal regarding any attempts to comply with the requirements of the Telephone Consumer Protection Act of 1991, the Junk Fax Prevention Act of 2003, or with any federal regulations promulgating the same in the marketing of its goods, products, or services through the use of facsimiles.

**RESPONSE:**

Crystal Queen objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other applicable privilege. Crystal Queen further objects to this interrogatory on the ground that it is overly broad in time. Crystal Queen further objects to this interrogatory to the extent it calls for disclosure of information ascertained from documents and/or information protected from disclosure by privacy, confidentiality, and other laws of Canada and/or the Province of Ontario, including but not limited to PIPEDA and/or OBRPA, and Plaintiff has yet to obtain an

appropriate order from the Ontario Superior Court of Justice or other proper Canadian authority authorizing production of such documents or information contained in such documents.

**REQUEST NO. 20:**

Identify the number of distinct telephone numbers to which Crystal successfully transmitted a facsimile marketing its goods, products or services. If Crystal sent more than one facsimile marketing its goods, products, or services to a particular number, please identify the total number of facsimiles sent to that number.

**RESPONSE:**

Crystal Queen objects to this interrogatory on the ground that it is overly broad both in time and because it seeks information beyond what is pertinent to the faxes at issue. Crystal Queen further objects to this interrogatory because it calls for disclosure of information ascertained from documents and/or information protected from disclosure by privacy, confidentiality, and other laws of Canada and/or the Province of Ontario, including but not limited to PIPEDA and/or OBRPA, and Plaintiff has yet to obtain an appropriate order from the Ontario Superior Court of Justice or other proper Canadian authority authorizing production of such documents or information contained in such documents. Crystal Queen further objects to this interrogatory as premature to the extent it seeks information regarding putative class members before a class has been identified or certified.

**REQUEST NO. 21:**

Identify any responses received directly or indirectly from any of the individuals or entities to which Crystal successfully transmitted a facsimile marketing its goods, products or services, including specifically, but not limited to, any request to "opt-out" from receiving faxes in the future.

1670406

**RESPONSE:**

Crystal Queen objects to this interrogatory on the ground that it is overly broad both in time and because it seeks information beyond what is pertinent to the faxes at issue. Crystal Queen further objects to this interrogatory because it calls for disclosure of information ascertained from documents and/or information protected from disclosure by privacy, confidentiality, and other laws of Canada and/or the Province of Ontario, including but not limited to PIPEDA and/or OBRPA, and Plaintiff has yet to obtain an appropriate order from the Ontario Superior Court of Justice or other proper Canadian authority authorizing production of such documents or information contained in such documents. Crystal Queen further objects to this interrogatory as premature to the extent it seeks information regarding putative class members before a class has been identified or certified.

**REQUEST NO. 22:**

Identify those telephone numbers to which Crystal successfully transmitted a facsimile marketing its goods, products or services after it received a response from that telephone number requesting to "opt-out" from receiving faxes in the future.

**RESPONSE:**

Crystal Queen objects to this interrogatory on the ground that it is overly broad both in time and because it seeks information beyond what is pertinent to the faxes at issue. Crystal Queen further objects to this interrogatory because it calls for disclosure of information ascertained from documents and/or information protected from disclosure by privacy, confidentiality, and other laws of Canada and/or the Province of Ontario, including but not limited to PIPEDA and/or OBRPA, and Plaintiff has yet to obtain an appropriate order from the Ontario Superior Court of Justice or other proper Canadian authority authorizing production of

1670406

such documents or information contained in such documents.  Crystal Queen further objects to this interrogatory as premature to the extent it seeks information regarding putative class members before a class has been identified or certified.  Crystal Queen further objects to this interrogatory because it is based on the unsupported assumption that Crystal Queen transmits faxes to recipients who have notified Crystal Queen of a desire not to receive faxes from Crystal.

**REQUEST NO. 23:**

Identify any contacts between Crystal and any individual or entity located in the State of Arkansas, including specifically all visits, communications, business conducted, or monies exchanged with any individual or entity located in Arkansas.

**RESPONSE:**

Crystal Queen objects to this interrogatory on the ground that it is not pertinent to the issues in this lawsuit and is overly broad in time and scope.  Crystal Queen further objects to this interrogatory because it calls for disclosure of information ascertained from documents and/or information protected from disclosure by privacy, confidentiality, and other laws of Canada and/or the Province of Ontario, including but not limited to PIPEDA and/or OBRPA, and Plaintiff has yet to obtain an appropriate order from the Ontario Superior Court of Justice or other proper Canadian authority authorizing production of such documents or information contained in such documents.  Crystal Queen further objects to this interrogatory as premature to the extent it seeks information regarding putative class members before a class has been identified or certified.

**REQUEST NO. 24:**

Identify all persons consulted by Crystal in answering these Interrogatories.

**RESPONSE:**

Crystal Queen objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine.

**REQUEST NO. 25:**

Identify all documents mentioned, used, or consulted to answer any Interrogatory.

**RESPONSE:**

Crystal Queen objects to this interrogatory because it calls for disclosure of information ascertained from documents and/or information protected from disclosure by privacy, confidentiality, and other laws of Canada and/or the Province of Ontario, including but not limited to PIPEDA and/or OBRPA, and Plaintiff has yet to obtain an appropriate order from the Ontario Superior Court of Justice or other proper Canadian authority authorizing production of such documents or information contained in such documents.

**REQUEST NO. 26:**

Identify all faxes/fax templates transmitted by or on behalf of Crystal which marketed Crystal's goods, products, and or services.

**RESPONSE:**

Crystal Queen objects to this interrogatory because it exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure. Crystal Queen further objects to this interrogatory on the grounds that it is overly broad both in time and because it seeks information beyond what is pertinent to the faxes at issue. Crystal Queen further objects to this interrogatory because it calls for disclosure of information ascertained from documents and/or information protected from disclosure by privacy, confidentiality, and other laws of Canada and/or the Province of Ontario, including but not limited to PIPEDA and/or OBRPA, and

18

Plaintiff has yet to obtain an appropriate order from the Ontario Superior Court of Justice or other proper Canadian authority authorizing production of such documents or information contained in such documents. Crystal Queen further objects to this interrogatory as premature to the extent it seeks information regarding putative class members before a class has been identified or certified.

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Please admit that you sent Plaintiff the fax attached to the Complaint in this matter.

**RESPONSE:** Crystal Queen objects to this and each of Plaintiff's requests for admission because they do not comply with Local Rule 33.1(c), which requires that requests for admissions be set forth in a separate document. In further response, Crystal Queen states that it lacks information and knowledge sufficient to ascertain whether the fax attached to Plaintiff's Complaint was transmitted to Plaintiff. For these reasons, and subject to and without waiving the foregoing objection, Crystal Queen responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 2:** Please admit that the fax attached to the Complaint in this matter does not contain the TCPA opt-out disclosures identified as absent in the Complaint.

**RESPONSE:** Crystal Queen objects to this and each of Plaintiff's requests for admission because they do not comply with Local Rule 33.1(c), which requires that requests for admissions be set forth in a separate document. Crystal Queen further objects to this request because it calls for a legal conclusion which Crystal Queen is not qualified to make. For these reasons, and subject to and without waiving the foregoing objections, Crystal Queen responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 3:**     Please admit that you did not obtain prior permission or consent to transmit to Plaintiff, the fax attached to the Complaint in this matter.

**RESPONSE:**   Crystal Queen objects to this and each of Plaintiff's requests for admission because they do not comply with Local Rule 33.1(c), which requires that requests for admissions be set forth in a separate document.  Crystal Queen further objects to this request on the ground that it is vague and ambiguous as to the meaning of the phrase "permission or consent" as used in the TCPA.  For these reasons, subject to and without waiving the foregoing objections, and further subject to its understanding of this request, Crystal Queen responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 4:**     Please admit that the transmission fax attached to the Complaint in this matter was not preceded by an existing business relationship with the recipient.

**RESPONSE:**   Crystal Queen objects to this and each of Plaintiff's requests for admission because they do not comply with Local Rule 33.1(c), which requires that requests for admissions be set forth in a separate document.  Crystal Queen further objects to this request on the grounds that it is vague and ambiguous as to the meaning of the phrases "transmission fax" and "existing business relationship" as used in this request.  In further response, Crystal Queen states that it lacks information and knowledge sufficient to ascertain whether an existing business relationship preceded the fax attached to Plaintiff's Complaint.  For these reasons, subject to and without waiving the foregoing objection, and further subject to its understanding of this request, Crystal Queen responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 5:**     Please admit that you sent a minimum of 50,000 faxes marketing Crystal's goods or services since February 1, 2011, that (1) do not contain the required TCPA opt-out disclosures identified as absent in the Complaint, (2) were not preceded

1670406

by prior consent to transmit from the recipient, and (3) were not preceded by an existing business relationship with the recipient.

**RESPONSE**:   Crystal Queen objects to this and each of Plaintiff's requests for admission because they do not comply with Local Rule 33.1(c), which requires that requests for admissions be set forth in a separate document.  Crystal Queen further objects to this request on the grounds that it is overly broad because it seeks information beyond what is pertinent to the faxing activity at issue.   Crystal Queen further objects to this request on the grounds that it is vague and ambiguous as to the meaning of the phrases "prior consent" and "existing business relationship" as used in this request.   Crystal Queen further lacks information and knowledge sufficient to ascertain whether an existing business relationship preceded the fax attached to Plaintiff's Complaint.  Crystal Queen further objects to this request because it calls for a legal conclusion which Crystal Queen is not qualified to make.  For these reasons, subject to and without waiving the foregoing objections, and further subject to its understanding of this request, Crystal Queen responds as follows:  Deny.

DATED:  July 7, 2017

*/s/ Mary Ann L. Wymore*_____
Mary Ann L. Wymore, *pro hac vice*
GREENSFELDER, HEMKER & GALE, P.C.
10 South Broadway, Suite 2000
St. Louis, Missouri  63102
Telephone: (314) 516-2662
Facsimile: (314) 345-5488
Email:  mlw@greensfelder.com

1670406

Martin A. Kasten, Ark. Bar No. 99100
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522
Telephone: (501) 370-1456
Facsimile:  (501) 244-5330
Email:  mkasten@fridayfirm.com

*Attorneys for Defendants Crystal Queen, Inc., and Rudolf Galan and Adriana Galan (appearing specially to contest personal jurisdiction)*

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the foregoing document has been served upon and sent this date, July 7, 2017, via email to the following:

James A. Street, Esquire
James@StreettLaw.com
Alex G. Streett, Esquire
Alex@StreettLaw.com
Robert M. Veach, Esquire
Robert@StreettLaw.com
Street Law Firm, P.A.
107 West Main Street
Russellville, AR  72801

Joe P. Leniski, Jr., Esquire
Jleniski@branstetterlaw.com
Branstetter, Stranch & Jennings, PLLC
223 Rosa L. Parks Avenue, Suite 2000
Nashville, TN  37203

*/s/ Mary Ann L. Wymore*
Mary Ann L. Wymore

1670406